

**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature: Harlin DeWayne Hale]*

Signed April 3, 2007                                                               **United States Bankruptcy Judge**

___

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SKINWITHIN SERVICES, LTD. | § | CASE NO. 06-33398-HDH-11 |
| | § | Chapter 11 |
| Debtor. | § | |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**
**CONFIRMING THE AMENDED CHAPTER 11 PLAN**
**OF REORGANZIATION FOR SKINWITHIN SERVICES, LTD.**

CAME ON FOR CONSIDERATION the confirmation of the Amended Chapter 11 Plan of Reorganization for SkinWithin Services, Ltd. (the "Plan") filed by the debtor-in-possession in the above-captioned case and this Court, after notice and a hearing, and subject to the Order Granting Application for Solicitation of the Plan under Small Business Procedures, entered on January 16, 2007 ("Disclosure Statement Order") (Dckt. 41), which Order also established and approved, among other things, procedures for the solicitation and tabulation of votes on the Plan, and the Notice of Solicitation and of the Confirmation Hearing which set forth for deadlines for the casting of ballots and the filing of objections to confirmation of the Plan; and a hearing regarding confirmation of the Plan having been held on March 29, 2007 (the "Confirmation Hearing"); and this

Court having considered the evidence adduced and proffered and the arguments made at the Confirmation Hearing, along with the notices and other documents filed in connection with confirmation of the Plan and the record in the above-captioned case; and

After due deliberation and consideration of all of the foregoing, this Court hereby makes the following findings of fact and conclusions of law pursuant to Rule 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. All of the following findings of fact shall constitute findings of fact even if stated as conclusions of law, and all of the following conclusions of law shall constitute conclusions of law even if stated as a finding of fact,

**FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

A.  <u>Jurisdiction</u>. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334(e) over the Bankruptcy Case[1] and over entry of this Order. Matters regarding confirmation of the Plan are core proceedings within the meaning of 28 U.S.C. § 157(b). Venue of these proceedings and the Bankruptcy Case in this District is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  <u>Notice</u>. Timely, sufficient and adequate notice of the Plan and the Confirmation Hearing, together with the deadlines for voting on and filing objections to the Plan, has been given to all known holders of Claims and/or Partnership Interests and other parties-in-interest in accordance with the rules and procedures established by the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and all other applicable laws, rules and regulations.

---

[1] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Plan.

C. <u>Approval of Disclosure Statement under Small Debtor Provisions</u>: The Disclosure Statement Order provided that the Court would approve the Amended Disclosure Statement ("Disclosure Statement") as containing adequate information under the provisions of §1125 of the Bankruptcy Code at the confirmation hearing absent a written objection timely filed prior to the Confirmation Hearing. No such objection was filed, either timely or not, and therefore the Disclosure Statement is hereby approved under §1125 as set forth under the provisions for small business cases under §1125(f)(3) concerning the provisional approval of a small business disclosure statement. Further, the Debtor's Supplement to Amended Disclosure Statement (dckt. 50) sent with the solicitation package insured that information that could affect the votes of Creditors or Partnership Interests was timely disclosed, and such is approved as an adjunct or exhibit to the Disclosure Statement.

D. <u>Solicitation</u>. The solicitation by the Debtor of votes accepting or rejecting the Plan was conducted in good faith and in compliance with the Order, §§1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and all other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and other applicable laws, rules and regulations.

E. <u>Ballot Tabulation</u>. As evidenced by the Certification Pursuant to Local Bankruptcy Rule 3018.2 with Respect to Balloting on the Plan (the "Ballot Tabulation Certification"), and the testimony adduced at the Confirmation Hearing, the procedures by which Ballots on the Plan were distributed to holders of Claims and Partnership Interests and tabulated were fair and properly conducted in accordance with the

Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the local rules of this Court, and all other applicable laws, rules and regulations.

F. <u>Objections</u>. There have been no objections filed to the confirmation of the Plan.

G. <u>Section 1129(a)(1)</u>. As required by §1129(a)(1) of the Bankruptcy Code, the Plan complies with all applicable provisions of the Bankruptcy Code. Among other things:

- The classification of Claims and Partnership Interests under the Plan is reasonable, not discriminatory, and consistent with §1122(a) of the Bankruptcy Code.

- As required by and in compliance with sections 1123(a)(1), (a)(2) and (a)(3) of the Bankruptcy Code, the Plan (a) identifies the Classes of Claims and Partnership Interests; (b) specifies the Classes of Claims and Partnership Interests that are not impaired under the Plan as well as those that are impaired under the Plan; and (c) specifies the treatment of each Class of Claims and Partnership Interests under the Plan.

- As required by and in compliance with §1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Partnership Interest in a particular Class.

- As required by and in compliance with §1123(a)(5) of the Bankruptcy Code, the Plan provides adequate means for its execution and implementation including, but not limited to (a) investment of new funds by former limited partners in order to fund the distributions to creditors and (b) the creation of Reorganized SkinWithin, LLC as the entity to makes such distributions and to continue existing business of the Debtor.

H. <u>Section 1129(a)(2).</u> As required by §1129(a)(2) of the Bankruptcy Code, the Debtor has complied with all of the applicable provisions of the Bankruptcy Code, including all applicable provisions regarding disclosure and solicitation with respect to the Plan.

I. <u>Section 1129(a)(3)</u>. As required by §1129(a)(3) of the Bankruptcy Code, the Debtor has proposed the Plan in good faith and not by any means forbidden by law.

The Debtor has proposed the Plan with the legitimate and honest purpose of adjusting the Debtor's debts and maximizing the returns to parties-in-interest in the Bankruptcy Case.

J.  Section 1129(a)(4).  As required by §1129(a)(4) of the Bankruptcy Code, all payments made or to be made by the Debtor for services or for costs and expenses in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, have been approved by this Court or are subject under the Plan to the approval by this Court as reasonable.

K.  Section 1129(a)(5).  As required by §1129(a)(5)(A)(i) of the Bankruptcy Code, the Debtor has disclosed the general terms and conditions under the former limited partners with fund and participate in Reorganized SkinWithin and that Kevan Dilbeck will serve in the main management position in Reorganized SkinWithin.

L.  Section 1129(a)(6).  No governmental regulatory commission has jurisdiction over the approval of the Debtor's rates and §1129(a)(6) of the Bankruptcy Code therefore does not apply to the Plan.

M.  Section 1129(7).  As required by §1129(a)(7) of the Bankruptcy Code, with respect to each impaired Class of Claims and Partnership Interests, each holder of a Claim or Partnership Interest of such Class either has accepted the Plan or will receive or retain under the Plan on account of such Claim or Partnership Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor were liquidated on the Effective Date under chapter 7 of the Bankruptcy Code.

N.   <u>Section 1129(a)(8) and Section 1129(b)</u>.  As indicated by the Ballot Tabulation Certification, and as established on the record at the Confirmation Hearing, the impaired Classes 3 and 4 have voted to accept the Plan and accordingly, the requirements of §1129(a)(8) of the Bankruptcy Code have been met with respect to each such Class.

O.   <u>Section 1129(a)(9)</u>.  In satisfaction of §1129(a)(9) of the Bankruptcy Code, the Plan provides for the payment in full of Allowed Administrative Expense Claims, Allowed Priority Claims, and Allowed Priority Tax Claims on or as soon as practicable after the later of the Effective Date of the Plan and the date on which any such Administrative Expense Claim, Allowed Priority Claim, and Allowed Priority Tax Claim becomes an Allowed Claim; provided that, by agreement with the Dallas County taxing authority the language of decretal paragraph 8 *infra* shall control with regard to any inconsistent provision of the Plan.

P.   <u>Section 1129(a)(10)</u>.  As required by §1129(a)(10) of the Bankruptcy Code, at least one impaired Class of Claims has accepted the Plan as determined without including any acceptance of the Plan by any insider.

Q.   <u>Section 1129(a)(11)</u>.  The Plan is feasible and satisfies the requirements of §1129(a)(11) of the Bankruptcy Code.  The Plan provides for an approximately 30% return to unsecured creditors and for the restructuring of the business of the Debtor into Reorganized Skin Within.  Reorganized SkinWithin appears to have sufficient capital to meet its reasonable business needs and does not appear likely to need to be financially reorganized in the future based on the Debtor's financial projections which appear reasonable under the circumstances.

R.     Section 1129(a)(12). The requirements of §1129(a)(12) of the Bankruptcy Code are satisfied because the Debtor are current with respect to their payments of the United States Trustee fees imposed by 28 U.S.C. § 1930, and because the Plan expressly provides for the payment of all such fees, if any, that arise in the future.

S.     Section 1129(a)(13). The requirements of §1129(a)(13) of the Bankruptcy Code are met in that all employee benefits existing prior to the petition date will continue for employees that remain with Reorganized Skin Within for the duration of the period the Debtor obligated itself to provide such benefits.

T.     Other Requirements. The Plan satisfies the requirements of §1129(c) of the Bankruptcy Code because no other plan has been confirmed in the Bankruptcy Case. The Plan satisfies the requirements of §1129(d) of the Bankruptcy Code because the principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

V.     The statements of in the Supplement to Disclosure Statement concerning the liquidation analysis or possible distributions to class 3 unsecured creditors were sufficiently descriptive of the contingent, hypothetical and estimated nature of any amounts that might be available for distribution to class 3 creditors.

**NOW, THEREFORE, IT HEREBY IS ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Plan, in the form attached to this Order as Exhibit A, and any modifications to it as set forth in this order, is hereby confirmed pursuant to §1129 of the Bankruptcy Code.

2.     On and as of the Effective Date, Reorganized SkinWithin shall be created pursuant to and in accordance with the Plan.

3. The Debtor and Reorganized SkinWithin, and each of their respective directors, officers, and agents, are authorized and empowered to issue, execute, deliver, file and record any documents (including the Reorganized SkinWithin corporate papers) or court papers or pleadings, and to take any and all actions, that are necessary or desirable to implement, effectuate and consummate the transactions contemplated by the Plan, whether or not specifically referred to therein and without further application to or order of this Court, in each case with like effect as if exercised and taken by unanimous action of the directors and partners of the Debtor as may be necessary to cause the same to become effective under applicable law. This Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other Governmental Unit with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

4. Pursuant to §1125(e) of the Bankruptcy Code, the Debtor and any other persons that solicited acceptances or rejections of the Plan and/or that participated in the offer, issuance, sale, or purchase of securities offered or sold under this Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, shall not be liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of this Plan or the offer, issuance, sale, or purchase of securities.

5. The injunction provided for in the Plan hereby is approved and authorized and ordered as if fully set forth in this Order.

6.     The limitation of liability for Exculpated Persons provided for in the Plan is hereby approved and authorized and ordered as if fully set forth in this Order.

7.     The Debtor has not designated any agreements to be rejected as a result of confirmation.  On and as of the Effective Date, any remaining Executory Contracts that exist between the Debtor and any Person and that have not previously been assumed or rejected by the Debtor shall be and hereby are assumed pursuant to §365 of the Bankruptcy Code

8.     Except as otherwise provided herein, all requests for payment or any other means of preserving and obtaining payment of Administrative Expense Claims that have not been paid, released, or otherwise settled, including all requests for payment of Professional Claims, other than Administrative Tax Claims, must be filed with this Court and served upon the Reorganized SkinWithin, the United States Trustee, and all parties who have requested notice in the manner prescribed in the Notice of the Effective Date to be mailed pursuant to Paragraph 18 of this Order, by the earlier of (a) forty-five (45) days after the Effective Date; and (b) any applicable bar date established by this Court and noticed separately by the Reorganized SkinWithin.  Requests for payment of Administrative Expense Claims (other than Administrative Tax Claims) that are not timely filed as set forth above will be forever barred, and holders of such Claims will not be able to assert such Claims in any manner against the Debtor, the Estates, or Reorganized SkinWithin.  **Provided however, that Dallas County** is the holder of an allowed secured administrative expense claim for year 2007 ad valorem property taxes.  Dallas County shall receive payment of its administrative expense claim prior to delinquency pursuant to state

law without filing an administrative expense claim and request for payment. In the event that Dallas County does not timely receive payment of year 2007 ad valorem real property taxes, it will provide notice of non-payment to Reorganized SkinWithin with 20 days from the date of transmission of such notice to cure non-payment to be delivered to the taxpayer at 6301 Gaston Avenue, Suite 600, Dallas, Texas 75214; if such a default is not cured, Dallas County shall be entitled to collect all amounts owed pursuant to state law outside of the Bankruptcy Court. Dallas County shall retain all liens securing year 2007 ad valorem property taxes and any penalties and interest that may accrue, so that Section 4.1 of the plan does not apply to Dallas County

9. On or before ten (10) Business Days after occurrence of the Effective Date, the Reorganized SkinWithin shall mail or cause to be mailed to all holders of Claims and Partnership Interests a Notice that informs such holders of (a) entry of the Confirmation Order; (b) the occurrence of the Effective Date; (c) the deadline established for the filing of Administrative Expense Claims as set forth in Paragraph 19 of the Order; (d) provisions regarding objections to claims consistent with the Plan, and (e) such other matters as the Reorganized SkinWithin deems to be appropriate. Such Notice shall constitute due and sufficient notice of all of such matters in compliance with Bankruptcy Rule 2002(f).

10. Notwithstanding the entry of this Order or the occurrence of the Effective Date, this Court will retain jurisdiction of the Bankruptcy Case and all matters arising in, or related to, the Bankruptcy Case as provided for in the Plan and in this Order,

and to the fullest extent permitted by law, including §§1127 and 1142 of the Bankruptcy Code.

11. The failure to reference or discuss any particular provision of the Plan in this Order shall not have any effect on the validity, binding effect and enforceability of such provision, and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

12. The provisions of the Plan and this Order (including the provisions of the Agreed Order) shall be, and hereby now are and forever afterwards will be, binding on the Debtor, and all holders of Claims and Partnership Interests (whether or not impaired under the Plan and whether or not, if impaired, such entities accepted the Plan), any other party-in-interest, any other party making an appearance in the Bankruptcy Case, and any other person or entity affected thereby, as well as their respective heirs, predecessors, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any Person claiming through or in the right of any such Persons or entities.

### END OF ORDER ###